Joe Cyr (JC-1283)
Andrew Behrman (AB-5949)
**LOVELLS LLP**
590 Madison Avenue
New York, New York 10022
(212) 909-0600 Telephone
(212) 909-0660 Facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between:<br><br>WERNER SCHNEIDER, acting in his capacity<br>as insolvency administrator of WALTER BAU AG<br>(IN LIQUIDATION)<br><br>                      Petitioner,<br><br>        v.<br><br>THE KINGDOM OF THAILAND<br><br>                   Respondent. | Civil Action No.<br><br>**VERIFIED PETITION FOR<br>CONFIRMATION OF A FOREIGN<br>ARBITRAL AWARD** |

Petitioner Mr. Werner Schneider ("Schneider"), acting in his capacity as insolvency administrator of Walter Bau AG (In Liquidation) ("WBAG") and by his attorneys, Lovells LLP, alleges as follows:

1.      Schneider brings this summary proceeding under the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") and Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201 *et seq.*, to confirm a duly rendered arbitration award issued in its favor and against respondent The Kingdom of Thailand ("Thailand").

**The Parties**

2.      WBAG is a corporation organized under the laws of the Federal Republic of Germany.  WBAG is currently in liquidation in Germany and Schneider is acting in his capacity as insolvency administrator of WBAG.

3.      Thailand is a foreign sovereign.

**Jurisdiction and Venue**

4.      This Court subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1330(a) and 1605(a)(6) and 9 U.S.C. §§ 201 and 203.

5.      This Court has personal jurisdiction over Thailand pursuant to 28 U.S.C. § 1330(b).

6.      Venue is proper in this judicial district pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(f).

**Factual Background**

7.      The underlying dispute between WBAG and Thailand arises out of a legal relationship defined by the *Treaty Between the Federal Republic of Germany and the Kingdom of Thailand concerning the Encouragement and Reciprocal Protection of Investments*, signed on June 24, 2002, and which came into force on October 20, 2004 (the "BIT").  A true and correct copy of the BIT is attached hereto as Exhibit A.

8.      Article 10 of the BIT contains a provision whereby Thailand expressly submitted to binding arbitration in the event that a dispute between Thailand and a German investor concerning an investment could not be resolved amicably between the parties.

9.      Specifically Article 10 provides, in part, that:

**"Settlement of Disputes between a Contracting Party and an Investor"**

(1) Disputes concerning investments between a Contracting Party and an investor of the other Contracting party should as far as possible be settled amicably between the parties in disputes.

(2) If the dispute cannot be settled within six months from the date on which it has been raised by one of the parties to the dispute, it shall, at the request of either party to the dispute be submitted for arbitration. Unless the parties to the dispute have agreed otherwise, the provisions of Article 9(3) to (5) shall be applied mutatis mutandis on condition that the appointment of the members of the arbitral tribunal in accordance with Article 9(3) is effected by the parties to the dispute and that, insofar as the period specified in Article 9(3) are [sic] not observed, either party to the dispute may, in the absence of other arrangements, invite the President of the Court of International Arbitration of the International Chamber of Commerce in Paris to make the required appointments. The award shall be enforced in accordance with domestic law.

10.     The provisions in Article 9(3) to (5) of the BIT referred to above (which deal with state-state arbitration in the event of a dispute concerning the interpretation or application of the BIT) require that each party appoint a member of an arbitral tribunal. The two members so appointed should nominate a national of a third state to be Chair of the tribunal. If the two party-appointed arbitrators failed to do so, the nomination of the Chair is to be made by the President of the Court of International Arbitration of the International Chamber of Commerce, Paris.

11.     On September 21, 2005, after the parties had failed to amicably resolve a dispute that arose concerning the development and construction of a tollway in Thailand, WBAG, through its insolvency administrator, gave Thailand notice requesting the submission of the dispute to arbitration pursuant to Article 10 of the BIT.

12.     After constitution of the tribunal, both parties executed the Terms of Reference for the arbitration, in which Thailand confirmed that "[t]he Arbitral Tribunal has been validly established in accordance with Articles 9 and 10 [of the BIT]." A true and correct copy of the Terms of Reference is attached hereto as Exhibit B.

13.     A hearing on Thailand's challenge to the tribunal's jurisdiction took place on July 31, and August 1, 2007.  The tribunal issued an award affirming its substantive jurisdiction on October 5, 2007.

14.     The hearing on the merits as well as on the tribunal's temporal jurisdiction took place from October 6-17, 2008.

15.     During the arbitration hearing, Thailand submitted extensive briefs, witness statements, live testimony and expert reports on the jurisdiction of the tribunal as well as the merits of WBAG's claims.

16.     On July 1, 2009, the arbitral tribunal issued a final award (the "Award"), a true and correct copy of which is attached hereto as Exhibit C.  In the Award, the tribunal ordered as follows:

(a) Ordered Thailand to pay WBAG the sum of Euro 29.21 million as damages for Thailand's breaches of its obligations to WBAG as an investor under the BIT, plus interest at the 6 month successive Euribor rate plus 2 per cent per year, beginning on December 3, 2006 until the date of payment of the Award, compounded semi-annually; and

(b) Ordered Thailand to pay WBAG the sum of Euro 1,806,560 towards WBAG's costs and expenses in the Arbitration, plus interest at the rate set forth in paragraph 16(a) above, from the date of the issuance of the Award.

17.     Thailand has not made any payment to WBAG to date.

### Cause of Action

### (Confirmation of Arbitration Award Pursuant to 9 U.S.C. § 201 *et seq.*)

18.     Petitioner repeats and realleges the allegations in paragraphs 1 through 17 as if set forth fully herein.

19.     Respondent's submission to arbitration in Article 10 of the BIT and petitioner's request for arbitration are together an "agreement in writing" within the meaning of Article II(2) of the New York Convention.

20.     The Award arose out of a legal relationship that is commercial within the meaning of 9 U.S.C. § 202.

21.     The Award was made in Switzerland, a nation that is a signatory to the New York Convention and which is a state other than the state where recognition and enforcement is sought hereby.

22.     Germany, Thailand and the United States are each signatories to the New York Convention.

23.     None of the grounds for refusal or deferral of the Award set forth in the New York Convention apply.

24.     The Award is required to be confirmed pursuant to the New York Convention and 9 U.S.C. § 207.

WHEREFORE, Petitioner prays:

(a)     That the Court enter an order pursuant to 9 U.S.C. § 207 confirming the final award against Thailand;

(b)     That on the basis of the confirmed final award, the Court enter judgment that Thailand is liable to Petitioner in the amount of (i) Euro 29.21 million, plus interest at the 6 month successive Euribor rate plus 2 per cent per year, beginning on December 3, 2006 until the date of payment of the Award, compounded semi-annually, and (ii) Euro 1,806,560, plus interest at the 6 month successive Euribor rate plus 2 per cent per year, beginning on July 1, 2009 until the date of payment of the Award, compounded semi-annually;

(c)     That Petitioner be granted the costs and fees incurred in connection with this proceeding; and

(d)     That Petitioner be awarded such other and further relief as may be proper.

Dated: New York, New York
        March 26, 2010

Lovells LLP

By: _____
        Joe Cyr (JC-1283)
        Andrew Behrman (AB-5949)
        590 Madison Avenue
        New York, NY  10022
        (212) 909-0600
        joe.cyr@lovells.com

*Attorneys for Petitioner Werner Schneider, acting in his capacity as insolvency administrator for Walter Bau AG (In Liquidation)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Arbitration Between:

WERNER SCHNEIDER, acting in his capacity
as insolvency administrator of WALTER BAU AG
(IN LIQUIDATION)

Petitioner,

v.

THE KINGDOM OF THAILAND

Respondent.

Civil Action No.

**VERIFICATION OF ANDREW M.
BEHRMAN**

I, Andrew M. Behrman, pursuant to 28 U.S.C. § 1746, hereby certify under penalty of perjury as follows:

1.     I am Of Counsel at the law firm Lovells LLP, counsel to Werner Schneider, acting in his capacity as insolvency administrator of Walter Bau AG (In Liquidation) in this action to enforce the arbitral award granted by an arbitral tribunal pursuant to the Arbitration Rules of the United Nations Commission on International Trade.

2.     I have read the attached Verified Petition and know the contents thereof to be true to my own knowledge.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 26th day of March 2010

_____
Andrew M. Behrman